IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| McAFEE ENTERPRISES, INC.<br><br>                    Plaintiff,<br>vs.<br><br>AHEAD PRODUCTS, INC.<br><br>                    Defendant. | Case No.:<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff McAfee Enterprises, Inc. ("McAfee"), by and through its undersigned attorneys, for its complaint against Ahead Products, Inc. ("Ahead Products"), hereby alleges as follows:

**NATURE OF LAWSUIT**

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

**THE PARTIES**

2. McAfee is corporation organized under the laws of the state of Tennessee and having offices at 205 Mitchell Road, Portland, Tennessee 37148.

3. McAfee owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 6,545,207 ("the '207 patent") entitled "Electric Drum Stroke Counting Machine," issued April 8, 2003. A copy of the '207 patent is attached as Exhibit A.

4.	Defendant Ahead Products is a California corporation with a principal place of business located at 19431 Business Center Drive, #18, Northridge, California 91324. Ahead Products transacts business in this judicial district through dealers including Vic's Drum shop and Music Garage, 345 N. Loomis Street, Chicago, Illinois 60607, Guitar Center, 2633 N. Halsted, Chicago, Illinois, 60614 and Tommy's Guitar & Café, 2548 W. Chicago Ave., Chicago, Illinois 60622, among others.  Ahead Products has offered to provide and/or provided products that infringe claims of the '207 patent in this judicial district and throughout the state of Illinois through its online dealers including Lone Star Percussion (www.lonestarpercussion.com), Sam Ash (www.samash.com), Full Compass (www.fullcompass), Reverb (www.reverb.com), Cascio Interstatemusic.com (www.interstatemusic.com) and Spectrum Audio (www.spectrumaudio.com), among others.

5.	Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

## PATENT INFRINGEMENT

6.	Defendant Ahead Products has infringed claims of the '207 patent by making, using, selling, offering for sale and/or importing drum practice pads including the JOYO JMD-5 Drum Practice Pad and the Ahead AMP 6" Practice Pad.

7.	Defendant Ahead Products was previously licensed to sell products covered by the '207 patent pursuant to a Distribution and License Agreement ("License Agreement") dated November 10, 2010 between Ahead Products, Inc. and McAfee Enterprises, Inc.

8.	The License Agreement required Ahead Products to pay a minimum license fee beginning on July 1, 2011, and provided that the license to the '207 patent would continue for the life of the patent as long as the minimum license fee was paid every 90 days.

9. Ahead Products paid its first minimum license fee on July 11, 2011.

10. Ahead Products failed to pay further minimum license fees every 90 days as required by the License Agreements.

11. Accordingly, by its terms, the License Agreement terminated on October 1, 2011.

12. Despite the termination of the License Agreement on October 1, 2011, Ahead Products continued to make, sell, offer for sale and import products covered by the '207 patent after October 1, 2011.

13. Defendant Ahead Products sold and offered for sale a product known as the JOYO JMD-5 Drum Practice Pad after October 1, 2011.

14. Defendant Ahead Products sold and offered for sale a product known as the Ahead AMP 6" Practice Pad after October 1, 2011.

15. Defendant Ahead Products currently sells and offers for sale a product known as the Ahead AMP 6" Practice Pad.

16. The Ahead AMP 6" Practice Pad includes a "Stroke Counter."

17. The Stroke Counter of the Ahead AMP 6" Practice Pad counts the amount of drum pad hits within a fixed time.

18. The Ahead AMP 6" Practice Pad includes a strike sensor that detects strikes on a drum pad surface.

19. The Ahead AMP 6" Practice Pad includes a strike counter that counts the number of strikes on a drum pad surface.

20. The Ahead AMP 6" Practice Pad includes an LCD screen that displays the total number of strikes on a drum pad surface.

21. The Ahead AMP 6" Practice Pad includes a timer that counts a period of time and stops the timer after a specific period of time.

22. The Ahead AMP 6" Practice Pad includes a time period selector that allows a user to select the period of time that strikes on the drum pad surface are counted.

23. The LCD screen of the Ahead AMP 6" Practice Pad includes a representation of the period of time being counted by the timer, and counts down the time as the number of strikes on the drum pad surface are recorded.

24. Ahead Products advertises that the Ahead AMP 6" Practice Pad includes a stroke counter and is covered by United States Patent No. 6,545,207, as shown below:



http://www.fullcompass.com/prod/198782-Ahead-AMP?utm_source=googleps&utm_medium=shopping&utm_campaign=googleps&gclid=Cj0KEQiAsNyxBRDBuKrMhsbt3vwBEiQAdRgPssLLTVHm_z_18mDvpOc8QsYGzUpRlW4f97cKzn8NUYkaAowz8P8HAQ

25. Ahead Products has sold and offered for sale the Ahead AMP 6" Practice Pad with knowledge of the '207 patent.

26. Ahead Products sold and offered for sale the Ahead AMP 6" Practice Pad despite an objectively high likelihood that its actions constituted infringement of a valid patent, and such likelihood was known or so obvious that it should have been known by Ahead Products.

27. Ahead Products has willfully infringed claims of the '207 patent with its sales and offers for sale of the Ahead AMP 6" Practice Pad.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter judgment against the Defendants, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate McAfee for the infringement that has occurred, together with prejudgment interest from the date that Defendants' infringement of the '207 patent began;

B. Treble damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to McAfee of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the '207 patent; and

E. Such other and further relief as this Court or a jury may deem proper and just.

## JURY DEMAND

McAfee demands a trial by jury on all issues presented in this Complaint.

Dated: November 18, 2015          Respectfully submitted,

                                       /s/ Anthony E. Dowell
                                       Anthony E. Dowell
                                       aedowell@dowellip.com
                                       DOWELL IP
                                       333 W. North Ave #341
                                       Chicago, Illinois 60610
                                       Phone: (312) 291-8351

                                       **ATTORNEY FOR PLAINTIFF**
                                       **McAFEE ENTERPRISES, INC.**